UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO: 2:05-CR-76-FtM-33DNF

ANDREW CRUMBLY
_____/

**<u>ORDER</u>**

This cause comes before the Court pursuant to Defendant Andrew Crumbly's pro se Motion for Modification of Sentence under the Fair Sentencing Act of 2010, Pursuant to Title 18 U.S.C. § 3582(c)(2) and Amendment 750 (Doc. # 100), filed on November 11, 2011. On November 23, 2011, the Court entered an Order directing the United States Probation Office to prepare a report regarding the Defendant's eligibility for a reduction in sentencing based on the United States Sentencing Commission's retroactive lowering of the guideline sentencing range for certain crack cocaine offenses. (Doc. # 102). On November 29, 2011, the Probation Office issued a report determining that Amendment 750 would not have the effect of reducing Defendant Crumbly's guidelines calculations because the Defendant was found to be a career offender.

On February 11, 2012, this Court entered an Order deferring ruling on the Motion pending response from the parties. (Doc. # 104). Defendant Crumbly filed a response

(Doc. # 105) that same day, urging this Court to reject the Sentencing Commission's recommendations. The Court determines that it does not require Government response. Having considered the report and Defendant Crumbly's arguments, and being otherwise fully advised, the Court finds that the Defendant is not eligible for a sentence reduction.

## I.   __Background__

On November 17, 2005, a jury found the Defendant guilty of three counts of possession with intent to distribute and distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2. (Doc. # 49). On February 14, 2006, the Court sentenced the Defendant to 235 months imprisonment on each count, to run concurrently, and 72 months supervised release as to each count, also to run concurrently. (Doc. # 51). On appeal, the Eleventh Circuit affirmed Defendant Crumbly's convictions. (Doc. # 71).

On May 5, 2008, Defendant Crumbly filed a pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. # 75) based upon the 2007 amendment of sentencing guidelines. On October 22, 2008, the Court denied the Motion because the Defendant was sentenced as a career offender. (Doc. # 85). On August 25, 2010, Defendant Crumbly filed a pro se Request to Modify Criminal Judgment (Doc. # 89), arguing

based upon various appellate decisions that his status as a career offender did not bar a reduction in sentence. The Court denied that Motion on October 19, 2010. (Doc. # 94). Defendant Crumbly appealed but the Eleventh Circuit dismissed the appeal for lack of prosecution on June 11, 2011. (Doc. # 99).

## II.  **Analysis**

The United States Sentencing Commission promulgated Amendment 750 lowering the base offense level for cocaine base (crack cocaine) offenses, effective November 1, 2011. The Commission decided that Amendment 750 should be applied retroactively. Section 3582(c)(2) provides that the district court has the discretion to modify a term of imprisonment after it has been imposed as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10(a) of the Sentencing Guidelines provides that a reduction in a defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2) when "the guideline range applicable to that defendant has

subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)." U.S.S.G. § 1B1.10(a). However, a reduction in sentence is not authorized under 18 U.S.C. § 3582(c) if the covered amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

When a defendant's base offense level was determined based upon the career offender guidelines and not the drug quantity table, Amendment 750 does not have the effect of lowering the Defendant's applicable guideline range. Defendant Crumbly argues that while "this Court characterized Mr. Crumbly as a career offender at sentencing, this Court did not sentence Mr. Crumbly within the career offender guideline range." (Doc. # 105 at 1 n.1). As a result, the Court "reduced Mr. Crumbly's criminal history score to category V – which resulted in a new guideline range of 235 to 293 months." (Id.). The Defendant's sentence represents the lower end of that range.

Nonetheless, the Court finds that Defendant Crumbly was sentenced as a career offender. Accordingly, a reduction of the Defendant's sentence is not authorized under 18 U.S.C. § 3582(c) and is not consistent with U.S.S.G. § 1B1.10. See United States v. Moore, 541 F.3d 1323, 1327-30 (11th Cir.

2008) (finding defendant ineligible for a sentence reduction under § 3582(c)(2) and Amendment 706 because his guideline range was calculated based on the career offender guideline).

Furthermore, the Defendant is not entitled to relief under the Fair Sentencing Act of 2010 (FSA), which amended the mandatory minimum sentencing for crack penalties by reducing the crack to powder cocaine ratio from 100:1 to approximately 18:1. Pub. L. No. 111-220, 124 Stat. 2372 (2010). The FSA does not apply to the Defendant because he was sentenced before the August 3, 2010, effective date of the FSA, and the FSA is not retroactive. United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), cert. denied, 131 S.Ct. 1833 (2011). Because the Sentencing Commission has no authority to alter statutory penalties, the FSA did not contain a provision making statutory changes retroactive but rather directed the Commission to promulgate guidelines amendments implementing the act.

Defendant Crumbly asks this Court to consider Freeman v. United States, 131 S.Ct. 2685 (2011), in which the Supreme Court held that "§ 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytical framework the judge used

-5-

to determine the sentence." <u>Id.</u> at 2692-93. As such, § 3582(c)(2) "calls for an inquiry into the reasons for a judge's sentence" to determine a defendant's eligibility for relief. <u>Id.</u> at 2695. Accordingly, Defendant Crumbly contends that <u>Freeman</u> prohibits a categorical bar to relief based upon his status as a career offender.

The issue, according to the Defendant, is whether his sentence was based on the guidelines lowered by § 3582(c)(2). The Defendant contends that because this Court did not sentence him within the career offender guidelines, the Court must have considered § 3553 and the drug quantity table in determining his sentence.

After careful consideration of these arguments, the Court finds that Defendant Crumbly is ineligible for relief because he is a career offender. A reduction in the Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with U.S.S.G. § 1B1.10. Furthermore, the Defendant's sentence is not subject to reduction pursuant to the application of the FSA.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Andrew Crumbly's Motion for Modification of Sentence under the Fair Sentencing Act of 2010, Pursuant to

Title 18 U.S.C. § 3582(c)(2) and Amendment 750 (Doc. # 100) is **DENIED**. Defendant is ineligible for a reduction in sentence pursuant to § 3582(c)(2) because he is a career offender.

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>13th</u> day of April, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
Office of the Federal Public Defender
United States Attorney's Office
United States Probation office
Bureau of Prisons
U.S. Marshals Office
Any pro se party